IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BURWELL BOWLERS, LLC d/b/a LONGHORN LANES & SPORTS CLUB,<br><br>Defendant. | Case No. 4:22-cv-3242-CRZ<br><br>**ANSWER<br>AND<br>DEMAND FOR JURY TRIAL IN OMAHA** |

Defendant Burwell Bowlers, LLC d/b/a Longhorn Lanes & Sports Club ("Defendant") states as follows in response to the Complaint filed by Plaintiff Prepared Food Photos f/k/a Adlife Marketing & Communications Co. Inc. ("Plaintiff"). Unless expressly admitted below, Defendant denies each and every allegation of the Complaint. Defendant answers the Complaint in correspondingly numbered and labeled paragraphs for convenience and ease of reference only, and denies that any label conveys, constitutes, or establishes any fact or is an admission of any kind.

## THE PARTIES

1. Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint and, accordingly, denies the same.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The allegations in paragraph 3 of the Complaint represent a legal conclusion to which no response is required. To the extent paragraph 3 of the Complaint alleges any fact(s), Defendant admits subject matter jurisdiction exists.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

**FACTS**

6. Defendant is without sufficient information to admit or deny the allegations in paragraph 6 of the Complaint and, accordingly, denies the same.

7. Defendant is without sufficient information to admit or deny the allegations in paragraph 7 of the Complaint and, accordingly, denies the same.

8. Defendant is without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint and, accordingly, denies the same.

9. Defendant is without sufficient information to admit or deny the allegations in paragraph 9 of the Complaint and, accordingly, denies the same.

10. Defendant is without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint and, accordingly, denies the same.

11. Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of the Complaint and, accordingly, denies the same.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and, accordingly, denies the same.

13. Defendant is without sufficient information to admit or deny the allegations in paragraph 13 of the Complaint and, accordingly, denies the same.

14. Defendant admits that it has eight bowling lanes and serves a limited amount of food and beverages. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant admits that it has in the past posted to its Facebook webpage about its business. Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint and affirmatively states that Defendant obtained the Work from a website that had at least apparent authority to provide/license the Work for use. To the extent Plaintiff may claim such website was not authorized to license the Work, Defendant had no way of knowing that, and the website appeared to have authority to provide the Work for use.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant is without sufficient information to admit or deny whether Plaintiff's efforts to identify unauthorized use of its photographs was ongoing or diligent or when Plaintiff first discovered the alleged unauthorized use/display of the Work, which Defendant denies committing. Defendant admits Plaintiff notified Defendant in writing that Plaintiff alleges Defendant used its Work without authorization and that to date, Plaintiff has been unable to reach an agreement with Defendant to negotiate a reasonable license for Defendant's alleged use of Plaintiff's Work. Defendant denies any remaining allegations of paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

## COUNT I – COPYRIGHT INFRINGEMENT

22.     Defendant incorporates its responses to paragraphs 1 through 21 as if set forth herein.

23.     Defendant is without sufficient information to admit or deny the allegations in paragraph 23 of the Complaint and, accordingly, denies the same.

24.     Defendant is without sufficient information to admit or deny the allegations in paragraph 24 of the Complaint and, accordingly, denies the same.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant admits that it located a photo that looks like the Work on the internet on a Clipart "free use" website that expressly and/or implicitly licensed the Work for use and/or implying there was no copyright issue associated with the Work or in Defendant posting the Work on its Facebook website. Defendant denies the remaining allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

## JURY DEMAND

35. Defendant respectfully requests a trial by jury on all issues allowed by law.

## AFFIRMATIVE DEFENSES

36. Defendant did not engage in any intentional or knowing conduct with respect to Plaintiff's alleged Work and to the extent any reproduction, distribution or public display of such Work occurred, such occurrence was inadvertent and/or immaterial.

37. Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright. Defendant had no reason to believe the Work was copyrighted and believed that its use was reasonable

38. Defendant obtained a license for use of the work (express or implied) from a website that had at least apparent authority to license the Work.

39. Plaintiff has failed to (and continues to fail to) enforce its rights against the primary culprit, ClipArt, which may constitute abandonment, waiver, and/or estoppel.

40. Plaintiff's failure to enforce its rights against the primary culprit, ClipArt, constitutes laches and a waiver of its rights and acts as estoppel against Plaintiff from enforcing its rights against third parties who obtain the image from ClipArt.

41. Defendant reserves any and all defenses that are or may become available under the Federal Rules of Civil Procedure, applicable United States law, and all rules, regulations and laws related to any of the claims at issue in this case, and it reserves any other defense, at law or equity, that may now or in the future be available based on discovery or that might be revealed by any other investigation.

WHEREFORE, Burwell Bowlers respectfully requests the Court dismiss the Complaint in its entirety with prejudice, award Burwell Bowlers its costs, expenses, and attorneys' fee as allowed by law, and such other and further relief as the Court deems equitable.

Dated: January 6, 2023.

> BURWELL BOWLERS, LLC d/b/a
> LONGHORN LANES & SPORTS CLUB,
> Defendant,
>
> By: /s/ *Daniel J. Fischer*
> Daniel J. Fischer, #22272
> Brian Koenig, #23807
> KOLEY JESSEN P.C., L.L.O.
> 1125 S. 103rd Street, Suite 800
> Omaha, NE 68124
> (402) 390-9500
> Dan.Fischer@koleyjessen.com
> Brian.Koenig@koleyjessen.com
>
> *Attorneys for Defendant.*

## CERTIFICATE OF SERVICE

  The undersigned does hereby certify that on January 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification to all CM/ECF participants, including the following:

Daniel DeSouza, Esq.
COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

            /s/ *Daniel J. Fischer*
             Daniel J. Fischer

4867-4003-0024.1